

**Your Missouri Courts**

Case.net

Judicial Links | eFiling | Help | Contact Us | Print     GrantedPublicAccess   Logoff PJDUNNE1956

**15SL-CC01488 - DORIAN JOHNSON V CITY OF FERGUSON ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case   Click here to Respond to Selected Documents   Sort Date Entries:    ● Descending   Display Options:   [All Entries ▼]
    ○ Ascending

---

**05/13/2015**

☐ **Summons Returned Non-Est**

Document ID - 15-SMCC-3408; Served To - WILSON, DARREN; Server - POPE, GINA WHITFIELD; Served Date - 12-MAY-15; Served Time - 00:00:00; Service Type - Territory 8; Reason Description - Moved; Service Text - NS. NO LONGER EMPLOYED

☐ **Corporation Served**

Document ID - 15-SMCC-3406; Served To - CITY OF FERGUSON, MISSOURI; Server - POPE, GINA WHITFIELD; Served Date - 12-MAY-15; Served Time - 00:00:00; Service Type - Territory 8; Reason Description - Served; Service Text - LC

☐ **Summons Returned Non-Est**

Document ID - 15-SMCC-3407; Served To - JACKSON, THOMAS; Server - POPE, GINA WHITFIELD; Served Date - 12-MAY-15; Served Time - 00:00:00; Service Type - Territory 8; Reason Description - Moved; Service Text - NS. NO LONGER EMPLOYED

**05/06/2015**

☐ **Order**

ORDER GRANTING ADMISSION OF JAMES M. WILLIAMS PRO HAC VICE SO ORDERED: JUDGE BARBARA W. WALLACE

**05/05/2015**

☐ **Order**

ORDER ADMITTING INEMESIT U. O'BOYLE PRO HAC VICE SO ORDERED: JUDGE BARBARA W. WALLACE

**05/04/2015**

☐ **Summons Issued-Circuit**

Document ID: 15-SMCC-3408, for WILSON, DARREN. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**

Document ID: 15-SMCC-3407, for JACKSON, THOMAS. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

☐ **Summons Issued-Circuit**

Document ID: 15-SMCC-3406, for CITY OF FERGUSON, MISSOURI. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/29/2015**

☐ **Application Filed**

James M Williams Pro Hac.
    **Filed By:** DANIEL R. BROWN
    **On Behalf Of:** DORIAN JOHNSON

☐ **Application Filed**

Inemesit U O Boyle Pro Hac.
    **Filed By:** DANIEL R. BROWN
    **On Behalf Of:** DORIAN JOHNSON

☐ **Filing Info Sheet eFiling**

     **Filed By:** DANIEL R. BROWN

☐ **Pet Filed in Circuit Ct**

     complaint.
        **On Behalf Of:** DORIAN JOHNSON

☐ **Judge Assigned**

     DIV 13

**15SL-CC01488**

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON | ∞ | |
| Plaintiff | ∞ | |
| versus | ∞ | |
| CITY OF FERGUSON, MISSOURI | ∞ | |
| Serve at:        110 Church Street | ∞ | |
|                      Ferguson, MO 63135 | | |
| and | ∞ | CIVIL ACTION NO: |
| | ∞ | |
| FERGUSON POLICE CHIEF | ∞ | DIVISION NO: |
| THOMAS JACKSON | | |
| Personal Service Only at: | ∞ | |
|                      222 S. Florissant Road | ∞ | JURY TRIAL DEMANDED |
|                      Ferguson, MO 63135 | ∞ | |
| | ∞ | |
| and | ∞ | |
| FERGUSON POLICE OFFICER | ∞ | |
| DARREN WILSON | ∞ | |
| Personal Service Only at: | ∞ | |
|                      222 S. Florissant Road | ∞ | |
|                      Ferguson, MO 63135 | ∞ | |
| | ∞ | |
| Defendants. | ∞ | |
| | ∞ | |
| | ∞ | |

**COMPLAINT**

COME NOW, Plaintiff, Dorian Johnson ("Johnson" or "Plaintiff"), by and through

undersigned counsel, who hereby states and alleges as follows:

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

## PARTIES

1.      Plaintiff is an individual of full age and majority who at all relevant times herein has resided in the City of Ferguson, County of St. Louis, Missouri.

2.      Upon information and belief, Defendant, City of Ferguson, is a duly chartered municipality organized and existing under the laws of the County of St. Louis, State of Missouri, and situated in County of St. Louis, Missouri.  Ferguson Police Department is an official subdivision of the City of Ferguson, and all officers employed by Ferguson Police Department are employees of the City of Ferguson.

3.      Defendant, Thomas Jackson, in his official and individual capacity, was at all relevant times the Chief of Ferguson Police Department, and he, along with other officials of Defendant City, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of Ferguson Police Department.  At all times relevant herein, Defendant Thomas Jackson had the legal duty to oversee and supervise the hiring, conduct, and employment of Darren Wilson.

4.      Defendant, Darren Wilson, in his official and individual capacity, was at the time of committing the acts alleged a duly authorized employee of City of Ferguson, Ferguson Police Department.  Defendant Darren Wilson was acting within the course and scope of his respective duties and with the complete authority and ratification of City of Ferguson.  At all relevant times, this Defendant was acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson and the State of Missouri.

5.      Upon information and belief, during all relevant times herein, the City of Ferguson, via its city council, its agents, servants, and/or employees, supervised, managed, and

2

controlled members of the Ferguson Police Department located in the City of Ferguson, County of St. Louis, State of Missouri.

6.      Defendant City of Ferguson was at all times mentioned engaged in owning, operating, maintaining, managing and doing business as the Ferguson Police Department in Ferguson, Missouri.   All of the acts complained of in this Complaint by Plaintiff against Defendants were done and performed by Defendants by and through their authorized agents, servants, and/or employees, and each of them, all of whom at all relevant times were acting within the course, purpose and scope of that agency, service and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts of which complaint is made.

7.      In doing the acts and failing and/or omitting to act as described below, Defendants, and each of them, were acting on the implied and/or with the actual permission and consent of Defendant City of Ferguson.  At all relevant times, Defendants Thomas Jackson and Darren Wilson, inclusive, were duly appointed agents, employees and/or representatives of Defendant City of Ferguson, acting in the course and scope of their employment and agency.

8.      Defendant City of Ferguson maintains a liability insurance policy and has thus waived sovereign immunity for tort liability.

## JURISDICTION AND VENUE

9.      This court has jurisdiction over the parties because the claims herein arise out of conduct within the City of Ferguson, County of St. Louis, State of Missouri.

10.     Venue is proper in the County of St. Louis pursuant to Section 508.010.4 of the Revised Statutes of Missouri.

11.     This court is empowered with the concurrent jurisdiction to entertain suits brought under the Federal Civil Rights Act, 42 U.S.C.A. § 1983.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

## INTRODUCTION

12.    This is a civil action to enjoin and redress Plaintiff Dorian Johnson's deprivation, under color of state law, by local authorities, of his rights, privileges, and immunities under the United States Constitution, and to redress Plaintiff for injuries he sustained due to Defendants' conduct.

13.    The United States Department of Justice has recently conducted an investigation of the Ferguson Police Department.  In its March 4, 2015 report entitled "Investigation of the Ferguson Police Department," (the "Report"), the United States Department of Justice concluded that the Ferguson Police Department engaged in a pattern or practice of unlawful conduct that violates the First, Fourth, and Fourteenth Amendments to the United States Constitution, and federal statutory law.[1]  Particularly, it was determined that the police routinely exhibited racial bias towards African-Americans including the use of excessive force and detainment without reasonable suspicion or probable cause.

14.    The Ferguson Police Department (hereinafter "FPD") has terrorized the African-American citizens in its community and engages in intentional discrimination on the basis of race.  African-Americans comprise approximately 67% of the population in Ferguson, Missouri.  The Department of Justice's Report indicates that African-Americans are routinely targeted well beyond this proportion.  For example, African-Americans accounted for 85% of traffic stops, 90% of citations, and 93% of arrests from 2012 to 2014.  Other statistical disparities confirmed by the Department of Justice's Report show that in Ferguson:

a)    African-Americans are 2.07 times more likely to be searched during a vehicular stop by Ferguson police, but are 26% less likely to have contraband found on them during a

---

[1] http://www.justice.gov/sites/default/files/opa/press-releases/attachments/2015/03/04/ferguson_police_department_report.pdf

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

search.  They are twice as likely to receive a citation and 2.37 times more likely to be arrested following a vehicular stop.

b)      African-Americans have force used against them by Ferguson police at disproportionately high rates, accounting for 88% of all cases from 2010 to August 2014 in which an FPD officer reported using force.  In all 14 use of force cases involving a canine bite for which we have demographic data, the person bitten was always African-American.

c)      African-Americans are more likely to receive multiple citations during a single incident, receiving four or more citations on 73 occasions between October 2012 and July 2014, whereas non-African-Americans received four or more citations only twice during that same time period.

d)      African-Americans account for 95% of the vague and highly suspicious "Manner of Walking" charges; 94% of all Fail to Comply charges; 92% of all Resisting Arrest charges; 92% of all Peace Disturbance charges; and 89% of all Failure to Obey charges.

e)      African-Americans are 68% less likely than others to have their cases dismissed by the Municipal Judge, and in 2013 African-Americans accounted for 92% of cases in which an arrest warrant was issued.

f)      African-Americans account for 96% of known arrests made exclusively because of an outstanding municipal warrant.

g)      Out of the 54 police officers on the FPD's force, only four are African-American. See Report at pp. 4; 62-63; 88.

15.     The Report also found that Ferguson law enforcement efforts are focused on generating revenue rather than public safety needs.  Report at p. 2.  "*City, police, and court officials for years have worked in concert to maximize revenue at every stage of the enforcement*

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

*process, beginning with how fines and fine enforcement processes are established*."  Report at p. 10.  "*City and police leadership pressure officers to write citations, independent of any public safety need, and rely on citation productivity to fund the City budget*."  Id.  "*As directed, FPD supervisors and line officers have undertaken the aggressive code enforcement required to meet the City's revenue generation expectations. ... FPD officers routinely conduct stops that have little relation to public safety and a questionable basis in law*."  Id. at p. 11.

16.     The Department of Justice further concluded that the FPD has a practice of failing to train and supervise its officers, failing to put into place systems to ensure officers operate within the bounds of the law, and failing to hold officers accountable when they violate the law, thereby ratifying the use of excessive force.  Report at pp. 38-41; 82-86.  The Report states:

> *FPD's use-of-force review system is particularly ineffectual. Force frequently is not reported. When it is, there is rarely any meaningful review. Supervisors do little to no investigation; either do not understand or choose not to follow FPD's use-of-force policy in analyzing officer conduct; rarely correct officer misconduct when they find it; and do not see the patterns of abuse that are evident when viewing these incidents in the aggregate.*

Id. at p. 38.  "*By failing to hold officers accountable, FPD leadership sends a message that FPD officers can behave as they like, regardless of law or policy, and even if caught, that punishment will be light.  This message serves to condone officer misconduct and fuel community distrust*."  Id. at p. 86.

17.     The Department of Justice concluded that the FPD supervisors took a ministerial approach to excessive force investigations.  Id. at p. 39.  When reviewing use of force, Chief Thomas Jackson rarely reviews offense reports, and has never overturned a supervisor's determination of whether a use of force fell within FPD policy (only in one out of 151 cases was there a finding that an officer's use of force was excessive).  Id. at pp. 39; 41.

6

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

18.     The actions of Defendant Wilson that give rise to this lawsuit are consistent with the aforementioned findings of the Department of Justice.  It is against this backdrop and culture of racially biased policing that Officer Darren Wilson encountered Plaintiff Dorian Johnson and his friend Michael Brown, Jr., both African-American males, as they walked down Canfield Drive in Ferguson, Missouri on August 9, 2014.  Officer Wilson used techniques that the FPD previously and repeatedly used to effectuate unconstitutional racially motivated stops of African-American citizens.  Officer Wilson used this pretext to chastise and detain Plaintiff Dorian Johnson and Michael Brown, Jr. about the manner in which they were walking in the street.

19.     Plaintiff seeks to enjoin the Defendants' unconstitutional behavior, as well as obtain compensatory and punitive damages, attorneys' fees, costs, judicial interest, and any other form of relief to which this Court finds that Plaintiff is entitled.

## GENERAL FACTS AND ALLEGATIONS

20.      On August 9, 2014, at approximately 12:00 p.m., Plaintiff Dorian Johnson was peacefully and lawfully walking down Canfield Drive in Ferguson, Missouri with his companion Michael Brown, Jr.  Plaintiff and Brown's actions did not impair or impede traffic.

21.     At the same time, Officer Darren Wilson was operating a marked police vehicle on Canfield Drive.  As he approached the pair, he slowed his vehicle to a stop and ordered them to "*Get the f*ck on the sidewalk.*"

22.     Officer Wilson continued to drive his vehicle several yards, then abruptly put his vehicle into reverse and parked his vehicle at an angle so as to block the paths of Plaintiff Johnson and Brown.

23.     When the pair was stopped by Officer Wilson without reasonable suspicion of criminal activity, Plaintiff was then without justification and unreasonably detained.

24.     Officer Wilson stopped his vehicle just inches from Brown and forcefully opened his door, striking Brown.

25.     Officer Wilson then reached through his window and grabbed Brown, who was closer to Officer Wilson than Plaintiff Johnson.  Officer Wilson thereafter threatened to shoot his weapon.  As Brown struggled to break free, Officer Wilson discharged his weapon twice, striking Brown in the arm.

26.     Surprised by Officer Wilson's use of excessive force and fearing for his life, Plaintiff Johnson ran away from Officer Wilson simultaneously with Brown.

27.     At no point in time did Officer Wilson order Plaintiff Johnson or Brown to "stop" or "freeze."

28.     Without any provocation by Plaintiff Johnson and without any legal justification, Officer Wilson withdrew his weapon and fired it at Plaintiff Johnson and Michael Brown, Jr. as they fled and ran away from him, striking Brown several more times.

29.     On information and belief, Officer Wilson acted with either deliberate indifference and/or reckless disregard toward Plaintiff's rights, targeting him without probable cause or any reasonable factual basis to support that Plaintiff had committed any crime or wrong, and using lethal force in an unjustified and unconstitutional manner.

30.     On information and belief, Officer Wilson participated in unlawful abuse of authority against Plaintiff under color of law.

**FIRST CAUSE OF ACTION:**
**CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C § 1983**

31.     Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in the above paragraphs.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

32.     This cause of action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the United States Constitution.

33.     On or before August 9, 2014, Plaintiff Dorian Johnson possessed the rights guaranteed by the United States Constitution, including but not limited to the Fourth and Fourteenth Amendment rights against unlawful, unreasonable, and excessive force, of unwarranted threats, and the right to be free from unlawful detention by police officers acting under the color of law.

34.     On August 9, 2014, Defendant Darren Wilson acted with deliberate indifference or with reckless disregard for Plaintiff Dorian Johnson's rights, by targeting him without proper authority and illegally detaining him, as set forth in Plaintiff's factual allegations.

35.     At the time of the described wrongful acts by Defendant Wilson, Plaintiff was not engaged in criminal activity of a nature to warrant his detention without reasonable suspicion, the unlawful threats made against him, or the acts of intimidation made under the color of law made against him.  Plaintiff was not displaying any behavior to justify Defendant Wilson's assault.  Moreover, Defendant Wilson lacked probable cause, reasonable suspicion, or legal justification to detain Plaintiff.

36.     The detention of Plaintiff Johnson was entirely unjustified by any of the actions of Plaintiff, and constituted a violation of his civil rights.

37.     Furthermore, Defendant Wilson's actions constituted excessive force in that they were beyond the force reasonably necessary to detain and/or arrest Plaintiff Johnson.

38.     Plaintiff is informed and believes and therefore alleges that Defendants facilitated, encouraged and/or instigated unlawful, racially motivated and unconstitutional acts such as the detainment and use of excessive force described herein, and failed to intervene to stop such acts.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

39.     Defendant Darren Wilson acted at all times knowing that his conduct was unlawful conduct in violation of the Fourth Amendment and the laws of the State of Missouri. However, Defendant Darren Wilson knew that Defendant City of Ferguson, acting through Defendant Thomas Jackson, Chief of Ferguson Police Department, had ratified, condoned, and acquiesced to their specific acts of intimidation and abusive conduct toward African-American citizens through established practices, customs, and procedures, and thus did not fear any repercussion from Defendants City of Ferguson or Thomas Jackson in taking the unlawful action against Plaintiff.

40.     At all times relevant herein, Defendants were acting under color of law, statutes, customs, policies, ordinances, and usages of the City of Ferguson.

41.     At all times relevant herein, Defendant City of Ferguson, the FPD, and/or Defendant Thomas Jackson failed to adopt sufficient policies to deter or prevent the violation of Plaintiff's civil rights.

42.     At all times relevant herein, Defendant City of Ferguson, the FPD, and/or Defendant Thomas Jackson failed to develop and/or maintain a custom or policy to identify, investigate, discipline, rehabilitate, and/or retrain its police officers who violated citizens' civil rights in areas such as inappropriate use of force, improper threat level assessment, and improper verbal commands.

43.     At all times relevant herein, Defendant City of Ferguson, the FPD, and/or Defendant Thomas Jackson negligently hired and supervised police officers who violated citizens' civil rights.

44.     Furthermore, through improper training, improper hiring, negligent retention, ineffective internal policies, and ignoring patterns and practices of abuse, Defendant Thomas

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

Jackson and the FPD were deliberately indifferent to said policies and procedures, leading to Plaintiff's rights being violated.

45.     The FPD had a policy, procedure, and/or practice of engaging in illegal activities, including but not limited to unlawfully detaining citizens and using excessive force in violation of federal and state rights.

46.     The illegal and unconstitutional policies, procedures, and practices of the FPD were the driving force of the deprivation of Plaintiff's civil rights herein.

47.     Defendant Thomas Jackson, as Chief of FPD at all relevant times herein, is responsible for the actions of his subordinates as they relate to the violation of Plaintiff's civil rights, in the following non-exhaustive particulars:

a)     Failure to properly hire, train, discipline, and/or supervise the police officers under his command;

b)     Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation of the internal affairs of the FPD; and

c)     Condoning a pattern, practice, and/or custom of unlawful detainment and excessive force by police officers, and by failing to take appropriate and reasonable measures to ensure that members of the general public are protected from unlawful detentions and the use of excessive force by members of the FPD.

48.     All of the acts and omissions herein establish customs, policies, and procedures, which, among others, have the effect of depriving Plaintiff Dorian Johnson of his right to due process of law, including freedom from unreasonable detention and freedom from threat of harm under color of law, as well as other rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Missouri, which directly and proximately caused the damages complained of herein.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

49.     Defendants subjected Plaintiff to the mentioned deprivations either by actual malice, deliberate indifference, or reckless disregard for their rights under the United States Constitution and the laws of the State of Missouri.

50.     As the direct and proximate cause of the mentioned acts of Defendants, Plaintiff suffered psychological injury, severe emotional distress, medical expenses, lost wages, living expenses, incurred additional expenses, and any other losses to be proven at trial.

51.     By reason of the mentioned acts and omissions of Defendants, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees pursuant to 42 U.S.C.A. § 1988.

52.     The mentioned acts of Defendants were willful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to the individually named Defendants.

53.     WHEREFORE, Plaintiff demands damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

<u>SECOND CAUSE OF ACTION:</u>
<u>ASSAULT</u>

54.     Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in the above paragraphs.

55.     Defendant Darren Wilson intentionally assaulted Plaintiff when he stopped Plaintiff without cause or justification, withdrew his weapon, and threatened to discharge it. Defendant Wilson further intentionally assaulted Plaintiff by chasing Plaintiff and Michael Brown, Jr. and by subsequently discharging his weapon as they fled and ran away from him.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

56.     Defendant Wilson further intentionally assaulted and battered Michael Brown, Jr. when he placed his hands on Brown's body, withdrew his weapon and threatened to discharge it, and thereafter shot Brown.  The doctrine of transferred intent is specifically alleged.

57.     Upon information and belief, Defendant Wilson possessed the intent to cause imminent bodily harm, or apprehension of imminent bodily harm, such harm being unlawful and not legally justifiable.

58.     As a direct and proximate result of the assault and described above, Plaintiff suffered apprehension of bodily harm, was frightened and otherwise caused to fear imminent bodily harm by Defendant's conduct.

59.     As the direct and proximate cause of the mentioned acts by Defendant Wilson, Plaintiff suffered psychological injury, severe emotional distress, medical expenses, lost wages, living expenses, incurred additional expenses, and any other losses to be proven at trial.

60.     In committing the assault described above, Defendant Wilson acted with malice and reckless indifference, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages against Defendant Wilson.

61.     In committing the assault described above, Defendant Wilson acted in a prescribed manner, in obedience to the policies and practice of institutionalized unconstitutional behavior promulgated by Defendants Thomas Jackson and City of Ferguson, removing the protections of official immunity.

62.     Defendant Thomas Jackson and Darren Wilson's conduct violated a clearly established statutory or constitutional right (the right to be free from racially discriminatory policing, unlawful detainment and the use of excessive force) of which a reasonable person would have known.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

63.     By focusing law enforcement efforts on generating revenue rather than public safety needs, Defendants Thomas Jackson and City of Ferguson were performing a proprietary function, and thus the City of Ferguson is not immune from the torts of its officials or agents.

64.     Defendant City of Ferguson is liable under the doctrine of *respondeat superior*.

65.     By perpetrating a scheme of unlawful policies and procedures of unconstitutional and racially discriminatory policing which caused the aforementioned assault on Plaintiff, Defendant Thomas Jackson acted with malice, reckless indifference and conscious disregard for the rights of Plaintiff and others similarly situated, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages against Defendant Jackson.

66.     Defendant Thomas Jackson further approached his duty to oversee that the FPD's use of force did not exceed constitutional limits as a ministerial function, and thus is not entitled to official immunity.

67.     WHEREFORE, Plaintiff demands damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

### THIRD CAUSE OF ACTION: <br> INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.     Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in the above paragraphs.

69.     Defendant Darren Wilson intentionally inflicted emotional distress on Plaintiff when he stopped Plaintiff without cause or justification, withdrew his weapon, and threatened to discharge it.  Defendant Wilson further intentionally inflicted emotional distress on Plaintiff by chasing Plaintiff and Michael Brown, Jr. and by subsequently discharging his weapon as they fled and ran away from him.

14

70.      Defendant Wilson's conduct was extreme and outrageous.

71.      Defendant Wilson should have known the conduct involved an unreasonable risk of causing distress.

72.      As the direct and proximate cause of the mentioned acts of Defendant Wilson, Plaintiff suffered psychological injury, severe emotional distress, medical expenses, lost wages, living expenses, incurred additional expenses, and any other losses to be proven at trial.

73.      In committing the assault described above, Defendant Wilson acted with malice and reckless indifference, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages against Defendant Wilson.

74.      In committing the assault described above, Defendant Wilson acted in a prescribed manner, in obedience to the policies and practice of institutionalized unconstitutional behavior promulgated by Defendants Thomas Jackson and City of Ferguson, removing the protections of official immunity.

75.      Defendant Thomas Jackson and Darren Wilson's conduct violated a clearly established statutory or constitutional right (the right to be free from racially discriminatory policing, unlawful detainment, and the use of excessive force) of which a reasonable person would have known.

76.      By focusing law enforcement efforts on generating revenue rather than public safety needs, Defendants Thomas Jackson and City of Ferguson were performing a proprietary function, and thus the City of Ferguson is not immune from the torts of its officials or agents.

77.      Defendant City of Ferguson is liable under the doctrine of *respondeat superior*.

78.      By perpetrating a scheme of unlawful policies and practices of unconstitutional and racially discriminatory policing which caused the aforementioned intentional infliction of

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

emotional distress on Plaintiff, Defendant Thomas Jackson acted with malice, reckless indifference and conscious disregard for the rights of Plaintiff and others similarly situated, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages against Defendant Jackson.

79.     Defendant Thomas Jackson further approached his duty to oversee that the FPD's use of force did not exceed constitutional limits as a ministerial function, and thus is not entitled to official immunity.

80.     WHEREFORE, Plaintiff demands damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

## FOURTH ALTERNATIVE CAUSE OF ACTION:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

81.     Plaintiff realleges and incorporates by reference, as though fully set forth here, each and every allegation set forth in the above paragraphs.

82.     Defendant Darren Wilson negligently inflicted emotional distress on Plaintiff when he stopped Plaintiff without cause or justification, withdrew his weapon, and threatened to discharge it.  Defendant Wilson further negligently inflicted emotional distress on Plaintiff by chasing Plaintiff and Michael Brown, Jr. and by subsequently discharging his weapon as they fled and ran away from him.

83.     The unlawful detention, seizure and/or arrest of Michael Brown, Jr. was a proximate cause of the damages suffered by Plaintiff, who was forced under color of law to helplessly watch as Brown was physically assaulted, battered and killed.

84.     Defendant's conduct caused Plaintiff to be placed in fear of physical injury to his own person.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

85.   Defendant Wilson knew or should have known that his conduct involved an unreasonable risk of causing Plaintiff distress.

86.   As the direct and proximate cause of the mentioned acts of Defendant Wilson, Plaintiff suffered psychological injury, severe emotional distress, medical expenses, lost wages, living expenses, incurred additional expenses, and any other losses to be proven at trial.

87.   In committing the assault described above, Defendant Wilson acted with malice, reckless indifference and conscious disregard for the rights of Plaintiff, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages against Defendant Wilson.

88.   In committing the assault described above, Defendant Wilson acted in a prescribed manner, in obedience to the policies and practice of institutionalized unconstitutional behavior promulgated by Defendants Thomas Jackson and City of Ferguson, removing the protections of official immunity.

89.   Defendant Thomas Jackson and Darren Wilson's conduct violated a clearly established statutory or constitutional right (the right to be free from racially discriminatory policing, unlawful detainment and the use of excessive force) of which a reasonable person would have known.

90.   By focusing law enforcement efforts on generating revenue rather than public safety needs, Defendants Thomas Jackson and City of Ferguson were performing a proprietary function, and thus the City of Ferguson is not immune from the torts of its officials or agents.

91.   Defendant City of Ferguson is liable under the doctrine of *respondeat superior*.

92.   By perpetrating a scheme of unlawful policies and procedures of unconstitutional and racially discriminatory policing which caused the aforementioned negligent infliction of

17

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

emotional distress on Plaintiff, Defendant Thomas Jackson acted with malice, reckless indifference and conscious disregard for the rights of Plaintiff and others similarly situated, removing the protections of official immunity and entitling Plaintiff to an award of punitive damages against Defendant Jackson.

93.     Defendant Thomas Jackson further approached his duty to oversee that the FPD's use of force did not exceed constitutional limits as a ministerial function, and thus is not entitled to official immunity.

94.     WHEREFORE, Plaintiff demands damages in an amount in excess of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

1.  A preliminary and permanent injunction to prevent the City of Ferguson and the Ferguson Police Department from engaging in the unconstitutional behavior of unlawful detainment, assault, and excessive use of force;

2.  General damages in an amount to be determined at trial;

3.  Medical and related expenses in an amount to be determined by proof at trial;

4.  Punitive damages;

5.  Judicial interest and any other lawful interest;

6.  Attorney fees;

7.  Costs of suit; and

8.  Any other and further relief that this court considers just and proper.

Electronically Filed - St Louis County - April 29, 2015 - 07:32 PM

**TRIAL BY JURY**

Plaintiff requests a trial by jury.

                    SMITH BROWN, LLC


          BY:      ___/s/Daniel R. Brown_____
                   DANIEL R. BROWN, MO Bar #59749
                   6609 Clayton Road, Suite 1E
                   Clayton, MO 63117
                   Telephone: (314) 467-0527
                   Facsimile: (314) 754-9353
                   Email: dbrown@smithbrownllc.com
                   ATTORNEYS FOR PLAINTIFF

                            -AND-

                   James M. Williams, LA Bar #26141
                   Inemesit U. O'Boyle, LA Bar #30007
                   GAUTHIER, HOUGHTALING,
                   & WILLIAMS, LLP
                   3500 N. Hullen Street
                   Metairie, Louisiana 70002
                   Telephone: (504) 456-8600
                   Facsimile: (504) 456-8624
                   Email: jmw@ghwlegal.com
                          inem@ghwlegal.com
                   Appearing Pro Hac Vice for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all

parties via facsimile transmission, electronic mail, hand delivery, or by placing same in the U.S.

Mail, postage prepaid and properly addressed, this 29th day of April, 2015.


                   _____/s/Daniel R. Brown_____
                           DANIEL BROWN

**15SL-CC01488**

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON | ∞ | |
| Plaintiff | ∞ | |
| versus | ∞ | |
| CITY OF FERGUSON, MISSOURI | ∞ | |
| Serve at:        110 Church Street | ∞ | |
| Ferguson, MO 63135 | ∞ | CIVIL ACTION NO: |
| | ∞ | |
| and | ∞ | DIVISION NO: |
| | ∞ | |
| FERGUSON    POLICE    CHIEF | ∞ | JURY TRIAL DEMANDED |
| THOMAS JACKSON | ∞ | |
| Personal Service Only at: | ∞ | |
| 222 S. Florissant Road | ∞ | |
| Ferguson, MO 63135 | ∞ | |
| | ∞ | |
| and | ∞ | |
| | ∞ | |
| FERGUSON    POLICE    OFFICER | ∞ | |
| DARREN WILSON | | |
| Personal Service Only at: | | |
| 222 S. Florissant Road | | |
| Ferguson, MO 63135 | | |
| Defendants. | | |

## APPLICATION FOR SPECIAL ADMISSION PRO HAC VICE

COMES NOW Daniel Brown, an attorney admitted before the bar of the State of Missouri and pursuant to Missouri Supreme Court Rule 9.03, respectfully requests the special admission of Inemesit U. O'Boyle, so that she will be permitted to practice before this Court in the above-styled case as counsel for Plaintiff.  In support of this request, the applicant states as follows:

1.      Inemesit U. O'Boyle is an attorney duly licensed and in good standing to practice law within the State of Louisiana.  Her Louisiana State Bar No. is 30007.  She is a member of the law firm of Gauthier, Houghtaling & Williams, 3500 N. Hullen Street, Metairie, Louisiana 70002,

1

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

telephone: (504) 456-8600, facsimile: (504) 456-8624.  Ms. O'Boyle is licensed to practice law within the State of Louisiana and has been admitted to the state and federal courts of Louisiana and the Fifth Circuit Court of Appeals.

2.      Neither Ms. O'Boyle nor any member of her firm is under suspension or disbarment from any court and/or bar association.

3.      Ms. O'Boyle has been engaged by Plaintiff to represent him in the above-styled action.

4.      The undersigned, Daniel Brown, is a member in good standing with the bar of the State of Missouri, has an office within the State of Missouri, and will be associated with Ms. O'Boyle in this case at all stages herein.

5.      Ms. O'Boyle is filing, contemporaneously with this motion, the necessary documents and proof that she has paid the fee required by Rule 6.01(m) for admission of a visiting attorney.

**WHEREFORE**, the applicant respectfully requests an Order granting the Application for Special Admission *Pro Hac Vice*.

Dated: April 29, 2015

Respectfully submitted,

SMITH BROWN, LLC

BY:      ____/s/ Daniel Brown_____
DANIEL R. BROWN, MO Bar #59749
6609 Clayton Road, Suite 1E
Clayton, MO 63117
Telephone: (314) 467-0527
Facsimile: (314) 754-9353
Email: dbrown@smithbrownllc.com
**ATTORNEYS FOR PLAINTIFF**

2

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

-AND-

Inemesit U. O'Boyle, LA Bar #30007
GAUTHIER, HOUGHTALING
& WILLIAMS, LLP
3500 N. Hullen Street
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
Email: jmw@ghwlegal.com
Appearing Pro Hac Vice for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties via facsimile transmission, electronic mail, hand delivery, or by placing same in the U.S. Mail, postage prepaid and properly addressed, this 29th day of April, 2015.


_____/s/Daniel Brown_____
DANIEL BROWN

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON<br><br>                    Plaintiff<br><br>versus<br>CITY OF FERGUSON, MISSOURI<br>Serve at:         110 Church Street<br>                    Ferguson, MO 63135<br><br>and<br><br>FERGUSON     POLICE     CHIEF<br>THOMAS JACKSON<br>Personal Service Only at:<br>                    222 S. Florissant Road<br>                    Ferguson, MO 63135<br><br>and<br><br>FERGUSON     POLICE     OFFICER<br>DARREN WILSON<br>Personal Service Only at:<br>                    222 S. Florissant Road<br>                    Ferguson, MO 63135<br><br>                    Defendants. | ∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞ | CIVIL ACTION NO:<br><br>DIVISION NO:<br><br>JURY TRIAL DEMANDED |

**<u>AFFIDAVIT OF NON-ADMITTED LAWYER</u>**

STATE OF LOUISIANA

PARISH OF JEFFERSON

Inemesit U. O'Boyle, the affiant herein, having been duly sworn, states upon oath:

1. Affiant is admitted to practice law and is in good standing to practice law in the State of Louisiana.

2. Affiant has complied with Rule 6.01(m) for admission of visiting attorney.

3. Affiant has associated with Daniel R. Brown, counsel licensed to practice law in good standing in the State of Missouri

4

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

Inemesit U. O'Boyle, Affiant, being first duly sworn, states upon oath, that all of the representations in this affidavit are true as far as affiant knows or is informed, and that such affidavit is true, accurate, and complete to the best of affiant's knowledge and belief.

Dated:  April 23, 2015

INEMESIT U. O'BOYLE

Sworn to and subscribed before me on this ___23___ day of ___April___, 2015

NOTARY PUBLIC
Notary Number _LSBA 20141_
My Commission expires _Dec 4th_

5

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON | ∞ | |
| Plaintiff | ∞ | |
| versus | ∞ | |
| CITY OF FERGUSON, MISSOURI | ∞ | |
| Serve at:       110 Church Street | ∞ | |
|                 Ferguson, MO 63135 | ∞ | CIVIL ACTION NO: |
| | ∞ | |
| and | ∞ | DIVISION NO: |
| | ∞ | |
| FERGUSON     POLICE     CHIEF | ∞ | JURY TRIAL DEMANDED |
| THOMAS JACKSON | ∞ | |
| Personal Service Only at: | ∞ | |
|                 222 S. Florissant Road | ∞ | |
|                 Ferguson, MO 63135 | ∞ | |
| | ∞ | |
| | ∞ | |
| and | ∞ | |
| | ∞ | |
| FERGUSON     POLICE     OFFICER | ∞ | |
| DARREN WILSON | | |
| Personal Service Only at: | | |
|                 222 S. Florissant Road | | |
|                 Ferguson, MO 63135 | | |
| | | |
|                 Defendants. | | |

**<u>ORDER</u>**

The Application for Admission Pro Hac Vice filed by Inemesit U. O'Boyle in the above-styled matter is hereby allowed contingent on the continued assistance of local counsel.

Dated: _____ day of _____, 2015

_____
JUDGE

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

## Louisiana State Bar Association

The Louisiana State Bar Association hereby certifies that_____

Ms. Inemesit Usoroh O'Boyle
_____

3500 N Hullen St

whose address is_____

Metairie, LA  70002
_____

is a member in good standing of the Louisiana State Bar Association as of this date, and that

said person was duly admitted to practice in the courts of the State of Louisiana on the

_____28th_____ day of _____October_____,_____2005_____.

Given over my hand and the Seal of the Louisiana State Bar Association, this_____22nd_____

day of_____April_____,_____2015_____.

_____

*Executive Director*
*Louisiana State Bar Association*



# CLERK OF THE SUPREME COURT
## STATE OF MISSOURI
### POST OFFICE BOX 150
### JEFFERSON CITY, MISSOURI
65102

BILL L. THOMPSON
CLERK

TELEPHONE
(573) 751-4144

March 12, 2015

*This will hereby acknowledge receipt of $820 as required by Rule 6.01(m) for Inemesit U. O'Boyle and James Williams, appearing in Dorian Johnson v. City of Ferguson, et al., Case No. Not Assigned, before the Circuit Court of St. Louis County, State of Missouri.*

Bill L. Thompson, Clerk

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

**15SL-CC01488**

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON<br><br>                                 Plaintiff<br><br>versus<br>CITY OF FERGUSON, MISSOURI<br>Serve at:          110 Church Street<br>                           Ferguson, MO 63135<br><br>and<br><br>FERGUSON     POLICE     CHIEF<br>THOMAS JACKSON<br>Personal Service Only at:<br>                           222 S. Florissant Road<br>                           Ferguson, MO 63135<br><br><br>and<br><br>FERGUSON     POLICE     OFFICER<br>DARREN WILSON<br>Personal Service Only at:<br>                           222 S. Florissant Road<br>                           Ferguson, MO 63135<br><br>                          Defendants. | ∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞ | CIVIL ACTION NO:<br><br>DIVISION NO:<br><br>JURY TRIAL DEMANDED |

## APPLICATION FOR SPECIAL ADMISSION PRO HAC VICE

COMES NOW Daniel Brown, an attorney admitted before the bar of the State of Missouri and pursuant to Missouri Supreme Court Rule 9.03, respectfully requests the special admission of James M. Williams, so that he will be permitted to practice before this Court in the above-styled case as counsel for Plaintiff.  In support of this request, the applicant states as follows:

1.       James M. Williams is an attorney duly licensed and in good standing to practice law within the State of Louisiana.  His Louisiana State Bar No. is 26141.  He is a member of the law firm of Gauthier, Houghtaling & Williams, 3500 N. Hullen Street, Metairie, Louisiana 70002,

1

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

telephone: (504) 456-8600, facsimile: (504) 456-8624.  Mr. Williams is licensed to practice law within the State of Louisiana and has been admitted to the state and federal courts of Louisiana and the Fifth Circuit Court of Appeals.

2.      Neither Mr. Williams nor any member of his firm is under suspension or disbarment from any court and/or bar association.

3.      Mr. Williams has been engaged by Plaintiff to represent him in the above-styled action.

4.      The undersigned, Daniel Brown, is a member in good standing with the bar of the State of Missouri, has an office within the State of Missouri, and will be associated with Mr. Williams in this case at all stages herein.

5.      Mr. Williams is filing, contemporaneously with this motion, the necessary documents and proof that he has paid the fee required by Rule 6.01(m) for admission of a visiting attorney.

WHEREFORE, the applicant respectfully requests an Order granting the Application for Special Admission *Pro Hac Vice*.


Dated: April 29, 2015

                                    Respectfully submitted,

                                    SMITH BROWN, LLC


                        BY:      ___/s/ Daniel Brown_____
                                    DANIEL R. BROWN, MO Bar #59749
                                    6609 Clayton Road, Suite 1E
                                    Clayton, MO 63117
                                    Telephone: (314) 467-0527
                                    Facsimile: (314) 754-9353
                                    Email: dbrown@smithbrownllc.com
                                    **ATTORNEYS FOR PLAINTIFF**

2

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

-AND-

James M. Williams, LA Bar #26141
GAUTHIER, HOUGHTALING
& WILLIAMS, LLP
3500 N. Hullen Street
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
Email: jmw@ghwlegal.com
Appearing Pro Hac Vice for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all

parties via facsimile transmission, electronic mail, hand delivery, or by placing same in the U.S.

Mail, postage prepaid and properly addressed, this 29th day of April, 2015.


_____/s/Daniel Brown_____
DANIEL BROWN

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON<br><div align="center">Plaintiff</div><br>versus<br>CITY OF FERGUSON, MISSOURI<br>Serve at:          110 Church Street<br>                        Ferguson, MO 63135<br><br>and<br><br>FERGUSON     POLICE     CHIEF<br>THOMAS JACKSON<br>Personal Service Only at:<br>                        222 S. Florissant Road<br>                        Ferguson, MO 63135<br><br>and<br><br>FERGUSON     POLICE     OFFICER<br>DARREN WILSON<br>Personal Service Only at:<br>                        222 S. Florissant Road<br>                        Ferguson, MO 63135<br><br><div align="center">Defendants.</div> | ∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞ | CIVIL ACTION NO:<br><br>DIVISION NO:<br><br>JURY TRIAL DEMANDED |

## **AFFIDAVIT OF NON-ADMITTED LAWYER**

STATE OF LOUISIANA

PARISH OF JEFFERSON

James M. Williams, the affiant herein, having been duly sworn, states upon oath:

1. Affiant is admitted to practice law and is in good standing to practice law in the State of Louisiana.

2. Affiant has complied with Rule 6.01(m) for admission of visiting attorney.

3. Affiant has associated with Daniel R. Brown, counsel licensed to practice law in good standing in the State of Missouri

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

James M. Williams, Affiant, being first duly sworn, states upon oath, that all of the representations in this affidavit are true as far as affiant knows or is informed, and that such affidavit is true, accurate, and complete to the best of affiant's knowledge and belief.

Dated:  April 23, 2015

_____
JAMES M. WILLIAMS


Sworn to and subscribed before me on this _23rd_ day of _April_ , 2015

_____
NOTARY PUBLIC
Notary Number _30007_
My Commission ~~expires~~ _is for life_

5

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON<br><br>      Plaintiff<br><br>versus<br>CITY OF FERGUSON, MISSOURI<br>Serve at:  110 Church Street<br>      Ferguson, MO 63135<br><br>and<br><br>FERGUSON POLICE CHIEF<br>THOMAS JACKSON<br>Personal Service Only at:<br>     222 S. Florissant Road<br>     Ferguson, MO 63135<br><br><br>and<br><br>FERGUSON POLICE OFFICER<br>DARREN WILSON<br>Personal Service Only at:<br>     222 S. Florissant Road<br>     Ferguson, MO 63135<br><br>      Defendants. | ∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞ | CIVIL ACTION NO:<br><br>DIVISION NO:<br><br>JURY TRIAL DEMANDED |

## ORDER

   The Application for Admission Pro Hac Vice filed by James M. Williams in the above-styled matter is hereby allowed contingent on the continued assistance of local counsel.

Dated: _____ day of _____, 2015

             _____
                 JUDGE

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

# Louisiana State Bar Association

The Louisiana State Bar Association hereby certifies that_____

Mr. James McClendon Williams
_____

3500 N Hullen St

whose address is_____

Metairie, LA  70002-3420
_____

is a member in good standing of the Louisiana State Bar Association as of this date, and that

said person was duly admitted to practice in the courts of the State of Louisiana on the

_____23rd_____ day of ____April_____,_____1999_____ .

Given over my hand and the Seal of the Louisiana State Bar Association, this___22nd_____

day of_____April_____,_____2015_____ .

_____
Executive Director
Louisiana State Bar Association

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM



# CLERK OF THE SUPREME COURT
## STATE OF MISSOURI
### POST OFFICE BOX 150
### JEFFERSON CITY, MISSOURI
#### 65102

BILL L. THOMPSON
CLERK

TELEPHONE
(573) 751-4144

March 12, 2015

*This will hereby acknowledge receipt of $820 as required by Rule 6.01(m) for Inemesit U. O'Boyle and James Williams, appearing in Dorian Johnson v. City of Ferguson, et al., Case No. Not Assigned, before the Circuit Court of St. Louis County, State of Missouri.*

Bill L. Thompson, Clerk



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number:  15SL-CC01488 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DORIAN JOHNSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL R. BROWN<br>9100 OVERLAND PLAZA<br>SAINT LOUIS, MO  63114 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>CITY OF FERGUSON, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  DARREN WILSON
                       **Alias:**

**FERGUSON POLICE OFFICER**
**222 S. FLORISSANT ROAD**
**FERGUSON, MO  63135**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
      SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>04-MAY-2015</u>
   Date

                                           Clerk

Further Information:
KAM

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server                           Signature of Sheriff or Server

           **Must be sworn before a notary public if not served by an authorized officer:**

           Subscribed and sworn to before me on _____ (date).

*(Seal)*           My commission expires: _____    _____
                                  Date                               Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.   The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-3408**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                                                                                      54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number:  15SL-CC01488 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DORIAN JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL R. BROWN<br>9100 OVERLAND PLAZA<br>SAINT LOUIS, MO  63114 | **SHERIFF FEE PAID** |
| **vs.** | | |
| Defendant/Respondent:<br>CITY OF FERGUSON, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **THOMAS JACKSON**
    **Alias:**

**FERGUSON POLICE CHIEF**
**222 S FLORISSANT ROAD**
**FERGUSON, MO  63135**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.**

<u>04-MAY-2015</u>
   Date

Further Information:
KAM

                                          /Clerk

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server                                Signature of Sheriff or Server

               **Must be sworn before a notary public if not served by an authorized officer:**

              Subscribed and sworn to before me on _____ (date).

*(Seal)*

              My commission expires: _____     _____
                                 Date                            Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-3407**     2     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-3407**    3    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number:  15SL-CC01488 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DORIAN JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL R. BROWN<br>9100 OVERLAND PLAZA<br>SAINT LOUIS, MO  63114 | **SHERIFF FEE PAID** |
| vs. | | |
| Defendant/Respondent:<br>CITY OF FERGUSON, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Pers Injury-Other | 7900 CARONDELET AVE<br>CLAYTON, MO  63105 | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  CITY OF FERGUSON, MISSOURI | |
|---|---|
| **110 CHURCH STREET**<br>**FERGUSON, MO  63135** | Alias: |



*COURT SEAL OF*

*ST. LOUIS COUNTY*

> You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
> SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>04-MAY-2015</u>
Date

_____ Clerk

Further Information:
KAM

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
Date                                                  Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* **Document ID# 15-SMCC-3406**   3   (Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**15SL-CC01488**

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON<br><br>                              Plaintiff<br><br>versus<br>CITY OF FERGUSON, MISSOURI<br>Serve at:          110 Church Street<br>                         Ferguson, MO 63135<br><br>and<br><br>FERGUSON      POLICE      CHIEF<br>THOMAS JACKSON<br>Personal Service Only at:<br>                         222 S. Florissant Road<br>                         Ferguson, MO 63135<br><br><br>and<br><br>FERGUSON      POLICE      OFFICER<br>DARREN WILSON<br>Personal Service Only at:<br>                         222 S. Florissant Road<br>                         Ferguson, MO 63135<br><br><br>                    Defendants. | ∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞ | <br><br><br>CIVIL ACTION NO:<br><br>DIVISION NO:<br><br>JURY TRIAL DEMANDED |

## APPLICATION FOR SPECIAL ADMISSION PRO HAC VICE

COMES NOW Daniel Brown, an attorney admitted before the bar of the State of Missouri and pursuant to Missouri Supreme Court Rule 9.03, respectfully requests the special admission of Inemesit U. O'Boyle, so that she will be permitted to practice before this Court in the above-styled case as counsel for Plaintiff.  In support of this request, the applicant states as follows:

1.        Inemesit U. O'Boyle is an attorney duly licensed and in good standing to practice law within the State of Louisiana.  Her Louisiana State Bar No. is 30007.  She is a member of the law firm of Gauthier, Houghtaling & Williams, 3500 N. Hullen Street, Metairie, Louisiana 70002,

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

telephone: (504) 456-8600, facsimile: (504) 456-8624.  Ms. O'Boyle is licensed to practice law within the State of Louisiana and has been admitted to the state and federal courts of Louisiana and the Fifth Circuit Court of Appeals.

2.      Neither Ms. O'Boyle nor any member of her firm is under suspension or disbarment from any court and/or bar association.

3.      Ms. O'Boyle has been engaged by Plaintiff to represent him in the above-styled action.

4.      The undersigned, Daniel Brown, is a member in good standing with the bar of the State of Missouri, has an office within the State of Missouri, and will be associated with Ms. O'Boyle in this case at all stages herein.

5.      Ms. O'Boyle is filing, contemporaneously with this motion, the necessary documents and proof that she has paid the fee required by Rule 6.01(m) for admission of a visiting attorney.

**WHEREFORE**, the applicant respectfully requests an Order granting the Application for Special Admission *Pro Hac Vice*.


Dated: April 29, 2015

                        Respectfully submitted,

                        SMITH BROWN, LLC


            BY:     ____/s/ Daniel Brown_____
                        DANIEL R. BROWN, MO Bar #59749
                        6609 Clayton Road, Suite 1E
                        Clayton, MO 63117
                        Telephone: (314) 467-0527
                        Facsimile: (314) 754-9353
                        Email: dbrown@smithbrownllc.com
                        **ATTORNEYS FOR PLAINTIFF**

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

-AND-

Inemesit U. O'Boyle, LA Bar #30007
GAUTHIER, HOUGHTALING
& WILLIAMS, LLP
3500 N. Hullen Street
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
Email: jmw@ghwlegal.com
Appearing Pro Hac Vice for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all

parties via facsimile transmission, electronic mail, hand delivery, or by placing same in the U.S.

Mail, postage prepaid and properly addressed, this 29th day of April, 2015.


_____/s/Daniel Brown_____
DANIEL BROWN


GRANTED:

_Barbara Wr. Wallace_

5/5/15


3

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON<br><br>                    Plaintiff<br><br>versus<br>CITY OF FERGUSON, MISSOURI<br>Serve at:        110 Church Street<br>                         Ferguson, MO 63135<br><br>and<br><br>FERGUSON      POLICE      CHIEF<br>THOMAS JACKSON<br>Personal Service Only at:<br>                         222 S. Florissant Road<br>                         Ferguson, MO 63135<br><br>and<br><br>FERGUSON      POLICE      OFFICER<br>DARREN WILSON<br>Personal Service Only at:<br>                         222 S. Florissant Road<br>                         Ferguson, MO 63135<br><br>                    Defendants. | ∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞ | CIVIL ACTION NO:<br><br>DIVISION NO:<br><br>JURY TRIAL DEMANDED |

## **AFFIDAVIT OF NON-ADMITTED LAWYER**

STATE OF LOUISIANA

PARISH OF JEFFERSON

    Inemesit U. O'Boyle, the affiant herein, having been duly sworn, states upon oath:

1. Affiant is admitted to practice law and is in good standing to practice law in the State of Louisiana.

2. Affiant has complied with Rule 6.01(m) for admission of visiting attorney.

3. Affiant has associated with Daniel R. Brown, counsel licensed to practice law in good standing in the State of Missouri

4

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

Inemesit U. O'Boyle, Affiant, being first duly sworn, states upon oath, that all of the representations in this affidavit are true as far as affiant knows or is informed, and that such affidavit is true, accurate, and complete to the best of affiant's knowledge and belief.

Dated:  April 23, 2015

_____
INEMESIT U. O'BOYLE

Sworn to and subscribed before me on this ___23___ day of ___April___, 2015

_____
NOTARY PUBLIC
Notary Number _LSBA 20141_
My Commission expires _Dec 4th_

5

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON | ∞ | |
| Plaintiff | ∞ | |
| versus | ∞ | |
| CITY OF FERGUSON, MISSOURI | ∞ | |
| Serve at:        110 Church Street | ∞ | |
|                 Ferguson, MO 63135 | ∞ | CIVIL ACTION NO: |
| | ∞ | |
| and | ∞ | DIVISION NO: |
| | ∞ | |
| FERGUSON   POLICE   CHIEF | ∞ | JURY TRIAL DEMANDED |
| THOMAS JACKSON | ∞ | |
| Personal Service Only at: | ∞ | |
|                 222 S. Florissant Road | ∞ | |
|                 Ferguson, MO 63135 | ∞ | |
| | ∞ | |
| | ∞ | |
| and | ∞ | |
| | ∞ | |
| FERGUSON   POLICE   OFFICER | ∞ | |
| DARREN WILSON | | |
| Personal Service Only at: | | |
|                 222 S. Florissant Road | | |
|                 Ferguson, MO 63135 | | |
| | | |
|                 Defendants. | | |

## ORDER

The Application for Admission Pro Hac Vice filed by Inemesit U. O'Boyle in the above-styled matter is hereby allowed contingent on the continued assistance of local counsel.

Dated: _____ day of _____, 2015

_____
JUDGE

6

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM

## Louisiana State Bar Association

The Louisiana State Bar Association hereby certifies that _____

Ms. Inemesit Usoroh O'Boyle

_____

3500 N Hullen St

whose address is _____

Metairie, LA  70002

_____

is a member in good standing of the Louisiana State Bar Association as of this date, and that

said person was duly admitted to practice in the courts of the State of Louisiana on the

_____28th_____ day of _____October_____ , ___2005___ .

Given over my hand and the Seal of the Louisiana State Bar Association, this _____22nd_____

day of ____April____ , ___2015___ .

_____

*Executive Director*
*Louisiana State Bar Association*

Electronically Filed - St Louis County - April 29, 2015 - 07:35 PM



**CLERK OF THE SUPREME COURT**
**STATE OF MISSOURI**
**POST OFFICE BOX 150**
**JEFFERSON CITY, MISSOURI**
**65102**

BILL L. THOMPSON
CLERK

TELEPHONE
(573) 751-4144

March 12, 2015

*This will hereby acknowledge receipt of $820 as required by Rule 6.01(m) for Inemesit U. O'Boyle and James Williams, appearing in Dorian Johnson v. City of Ferguson, et al., Case No. Not Assigned, before the Circuit Court of St. Louis County, State of Missouri.*

Bill L. Thompson

Bill L. Thompson, Clerk

**15SL-CC01488**

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON <br>                  Plaintiff <br> versus <br> CITY OF FERGUSON, MISSOURI <br> Serve at:      110 Church Street <br>                  Ferguson, MO 63135 <br><br> and <br><br> FERGUSON POLICE CHIEF THOMAS JACKSON <br> Personal Service Only at: <br>              222 S. Florissant Road <br>              Ferguson, MO 63135 <br><br> and <br><br> FERGUSON POLICE OFFICER DARREN WILSON <br> Personal Service Only at: <br>              222 S. Florissant Road <br>              Ferguson, MO 63135 <br><br>             Defendants. | ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ ∞ | CIVIL ACTION NO: <br><br> DIVISION NO: <br><br> JURY TRIAL DEMANDED |

## <u>APPLICATION FOR SPECIAL ADMISSION PRO HAC VICE</u>

COMES NOW Daniel Brown, an attorney admitted before the bar of the State of Missouri and pursuant to Missouri Supreme Court Rule 9.03, respectfully requests the special admission of James M. Williams, so that he will be permitted to practice before this Court in the above-styled case as counsel for Plaintiff.  In support of this request, the applicant states as follows:

1.       James M. Williams is an attorney duly licensed and in good standing to practice law within the State of Louisiana.  His Louisiana State Bar No. is 26141.  He is a member of the law firm of Gauthier, Houghtaling & Williams, 3500 N. Hullen Street, Metairie, Louisiana 70002,

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

telephone: (504) 456-8600, facsimile: (504) 456-8624.  Mr. Williams is licensed to practice law within the State of Louisiana and has been admitted to the state and federal courts of Louisiana and the Fifth Circuit Court of Appeals.

2.      Neither Mr. Williams nor any member of his firm is under suspension or disbarment from any court and/or bar association.

3.      Mr. Williams has been engaged by Plaintiff to represent him in the above-styled action.

4.      The undersigned, Daniel Brown, is a member in good standing with the bar of the State of Missouri, has an office within the State of Missouri, and will be associated with Mr. Williams in this case at all stages herein.

5.      Mr. Williams is filing, contemporaneously with this motion, the necessary documents and proof that he has paid the fee required by Rule 6.01(m) for admission of a visiting attorney.

WHEREFORE, the applicant respectfully requests an Order granting the Application for Special Admission *Pro Hac Vice*.


Dated: April 29, 2015


                              Respectfully submitted,

                              SMITH BROWN, LLC

GRANTED:

*Barbara T. Wallace*

5/6/15

                       BY:    ___/s/ Daniel Brown_____
                              DANIEL R. BROWN, MO Bar #59749
                              6609 Clayton Road, Suite 1E
                              Clayton, MO 63117
                              Telephone: (314) 467-0527
                              Facsimile: (314) 754-9353
                              Email: dbrown@smithbrownllc.com
                              **ATTORNEYS FOR PLAINTIFF**

-AND-

James M. Williams, LA Bar #26141
GAUTHIER, HOUGHTALING
& WILLIAMS, LLP
3500 N. Hullen Street
Metairie, LA 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
Email: jmw@ghwlegal.com
Appearing Pro Hac Vice for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all

parties via facsimile transmission, electronic mail, hand delivery, or by placing same in the U.S.

Mail, postage prepaid and properly addressed, this 29th day of April, 2015.

_____/s/Daniel Brown_____
DANIEL BROWN

3

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON<br><br>                    Plaintiff<br><br>versus<br>CITY OF FERGUSON, MISSOURI<br>Serve at:        110 Church Street<br>                    Ferguson, MO 63135<br><br>and<br><br>FERGUSON       POLICE       CHIEF<br>THOMAS JACKSON<br>Personal Service Only at:<br>                    222 S. Florissant Road<br>                    Ferguson, MO 63135<br><br><br>and<br><br>FERGUSON       POLICE       OFFICER<br>DARREN WILSON<br>Personal Service Only at:<br>                    222 S. Florissant Road<br>                    Ferguson, MO 63135<br><br>                    Defendants. | ∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞<br>∞ | CIVIL ACTION NO:<br><br>DIVISION NO:<br><br>JURY TRIAL DEMANDED |

## **AFFIDAVIT OF NON-ADMITTED LAWYER**

STATE OF LOUISIANA

PARISH OF JEFFERSON

James M. Williams, the affiant herein, having been duly sworn, states upon oath:

1. Affiant is admitted to practice law and is in good standing to practice law in the State of Louisiana.

2. Affiant has complied with Rule 6.01(m) for admission of visiting attorney.

3. Affiant has associated with Daniel R. Brown, counsel licensed to practice law in good standing in the State of Missouri

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

James M. Williams, Affiant, being first duly sworn, states upon oath, that all of the representations in this affidavit are true as far as affiant knows or is informed, and that such affidavit is true, accurate, and complete to the best of affiant's knowledge and belief.

Dated:  April 23, 2015

_____
JAMES M. WILLIAMS

Sworn to and subscribed before me on this _23rd_ day of _April_, 2015

_____
NOTARY PUBLIC
Notary Number _30007_
My Commission ~~expires~~ _is for life_

5

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

IN THE TWENTY-FIRST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| DORIAN JOHNSON | ∞ | |
| Plaintiff | ∞ | |
| | ∞ | |
| versus | ∞ | |
| CITY OF FERGUSON, MISSOURI | ∞ | |
| Serve at:        110 Church Street | ∞ | |
|                 Ferguson, MO 63135 | ∞ | CIVIL ACTION NO: |
| | ∞ | |
| and | ∞ | DIVISION NO: |
| | ∞ | |
| FERGUSON    POLICE    CHIEF | ∞ | JURY TRIAL DEMANDED |
| THOMAS JACKSON | ∞ | |
| Personal Service Only at: | ∞ | |
|                 222 S. Florissant Road | ∞ | |
|                 Ferguson, MO 63135 | ∞ | |
| | ∞ | |
| | ∞ | |
| and | ∞ | |
| | ∞ | |
| FERGUSON    POLICE    OFFICER | ∞ | |
| DARREN WILSON | | |
| Personal Service Only at: | | |
|                 222 S. Florissant Road | | |
|                 Ferguson, MO 63135 | | |
| | | |
|                 Defendants. | | |

**ORDER**

        The Application for Admission Pro Hac Vice filed by James M. Williams in the above-styled matter is hereby allowed contingent on the continued assistance of local counsel.

Dated: _____ day of _____, 2015

_____
                 JUDGE

6

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM

## 𝕷ouisiana 𝕾tate 𝕭ar 𝕬ssociation

The Louisiana State Bar Association hereby certifies that_____

Mr. James McClendon Williams
_____

3500 N Hullen St

whose address is_____

Metairie, LA  70002-3420
_____

is a member in good standing of the Louisiana State Bar Association as of this date, and that

said person was duly admitted to practice in the courts of the State of Louisiana on the

_____23rd_____ day of _____April_____,_____1999_____ .

Given over my hand and the Seal of the Louisiana State Bar Association, this_____22nd

day of_____April_____,_____2015_____ .

_____
*Executive Director*
*Louisiana State Bar Association*

Electronically Filed - St Louis County - April 29, 2015 - 07:36 PM



# CLERK OF THE SUPREME COURT
## STATE OF MISSOURI
## POST OFFICE BOX 150
## JEFFERSON CITY, MISSOURI
### 65102

BILL L. THOMPSON
CLERK

TELEPHONE
(573) 751-4144

March 12, 2015

*This will hereby acknowledge receipt of $820 as required by Rule 6.01(m) for Inemesit U. O'Boyle and James Williams, appearing in Dorian Johnson v. City of Ferguson, et al., Case No. Not Assigned, before the Circuit Court of St. Louis County, State of Missouri.*

Bill L. Thompson

Bill L. Thompson, Clerk

347-49 *MS at P.O.E.* Return SVS
5-12-15 6/3

IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 15SL-CC01488 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DORIAN JOHNSON | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL R. BROWN<br>9100 OVERLAND PLAZA<br>SAINT LOUIS, MO 63114 | |
| vs. | | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>CITY OF FERGUSON, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) FILED |

## Summons in Civil Case

The State of Missouri to: **DARREN WILSON**
Alias:

FERGUSON POLICE OFFICER
222 S. FLORISSANT ROAD
FERGUSON, MO 63135

*8 WHITE B*

MAY 14 2015

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**COURT SEAL OF**

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>04-MAY-2015</u>
Date

_Clerk_

Further Information:
KAM

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☑ other *MS - no longer at P.OE - 5-12-15* MAY - 6 2015

Served at _____ (address).

in _____ Jim Buckles (County/City of St. Louis), MO, on _____ Gina Page (date) at _____ (time).

Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

5/8/15

*347 394* GG-*Oat MG4/51*

*(Recep.) Per Son*

*ReTurN 6/3*

*5-12-15*

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>BARBARA W WALLACE | Case Number: 15SL-CC01488 | |
|---|---|---|
| Plaintiff/Petitioner:<br>DORIAN JOHNSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL R. BROWN<br>9100 OVERLAND PLAZA<br>SAINT LOUIS, MO 63114 | |
| Defendant/Respondent:<br>CITY OF FERGUSON, MISSOURI | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 | **SHERIFF FEE PAID** |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

### Summons in Civil Case

**FILED**

The State of Missouri to: **CITY OF FERGUSON, MISSOURI**

**110 CHURCH STREET**
**FERGUSON, MO 63135**

Alias:

*8 WHITG c*

MAY 14 2015

JOAN M. GILMER

*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>04-MAY-2015</u>
Date

Further Information:
KAM

_____ /Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to *Pat McVeil* (name) *Receptionist* *MAY - 6 2015* (title).

☐ other _____

Served at *110 Church* (address)

in *St. Louis* (County/City of St. Louis), MO, on *5-12-15* (date) at *8:50am* (time).

*Jim Buckles*
Printed Name of Sheriff or Server

*Tina Pope co*
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | ( _____ miles @ $. _____ per mile) |
| **Total** | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

*5/8/15*

(367) Case: 4:15-cv-00832-AGF Doc #: 16-1 Filed: 05/26/15 Page: 65 of 65 PageID #: 72
MS- no longer at P.O.E.    Return 6/3
5-12-15

# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: | Case Number: 15SL-CC01488 |
|---|---|
| BARBARA W WALLACE | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| DORIAN JOHNSON | DANIEL R. BROWN |
| | 9100 OVERLAND PLAZA |
| vs. | SAINT LOUIS, MO 63114 |
| Defendant/Respondent: | Court Address: |
| CITY OF FERGUSON, MISSOURI | ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit: | 7900 CARONDELET AVE |
| CC Pers Injury-Other | CLAYTON, MO 63105 |

**SHERIFF FEE PAID**

(Date File Stamp)

**FILED**

## Summons in Civil Case

The State of Missouri to: **THOMAS JACKSON**

Alias:

**FERGUSON POLICE CHIEF**
**222 S FLORISSANT ROAD**
**FERGUSON, MO 63135**

8 WHITE B

MAY 14 2015

JUAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

*COURT SEAL OF*



*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>04-MAY-2015</u>
Date

Further Information:
KAM

_____
Clerk

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☑ other MS- no longer at P.O.E -5-12-15    MAY - 6 2015

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Jim Buskes
Printed Name of Sheriff or Server

_____ Gina Pope
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date)

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on **all** classes of suits, see Supreme Court Rule 54.

5/18/15