UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DORIAN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No: 4:15-cv-00832-AGF |
| vs. | ) | |
| | ) | |
| CITY OF FERGUSON, MISSOURI, | ) | **JURY TRIAL DEMANDED** |
| FERGUSON POLICE CHIEF THOMAS | ) | |
| JACKSON, AND FERGUSON POLICE | ) | |
| OFFICER DARREN WILSON, | ) | |
| | ) | |
| Defendants. | ) | |

# *DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT*

COME NOW Defendants, the City of Ferguson, Missouri; (former) Ferguson Police Chief Thomas Jackson; and (former) Ferguson Police Officer Darren Wilson ("Defendants") and for their Answer to Plaintiff's Amended Complaint (Doc. No. 33), state as follows:

1. Defendants admit Plaintiff is an individual of full age and majority who has previously resided in the St. Louis County.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments remaining in paragraph one and deny same.

2. Defendants admit the allegations contained in the first sentence of paragraph two. Defendant admits the Ferguson Police Department is a department within the City of Ferguson, Missouri.  Defendant admits Ferguson Police Officers are employed by the City of Ferguson. Defendants deny the remainder of the allegations contained in paragraph two.

3.     Defendants admit Thomas Jackson served as the Chief of Police for the City of Ferguson, including on August 9, 2014, who enacted some policies, rules, and practices concerning the operation of the Ferguson Police Department.  Defendant denies the remainder of the allegations contained in the first sentence of paragraph three.  The second sentence purports to state a legal duty, and therefore is a legal conclusion reserved for this Court's determination.  To the extent a response is required, Thomas Jackson oversaw and supervised the hiring, conduct, and employment of Darren Wilson.  Defendant denies the remainder of the allegations contained in paragraph three.

4.     Defendants admit Darren Wilson was an employee of the City of Ferguson on August 9, 2014.  Defendants admit Darren Wilson was acting within the course and scope of his respective duties and with authority of the City of Ferguson.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments regarding "ratification" due to vagueness regarding what action(s).  Defendant admits on August 9, 2014, Darren Wilson was acting under the color of law and under the color of statutes, ordinances, regulations, policies, customs, and usages of the City of Ferguson and the State of Missouri.  Defendants deny the remainder of the allegations contained in paragraph four.

5.     Defendants deny the allegations contained in paragraph five.

6.     Defendants admit the City of Ferguson Police Department was a department within the City of Ferguson.  Defendants admit Darren Wilson was acting within the course and scope of his employment around noon on August 9, 2014.  Defendants deny the remainder of the allegations contained in paragraph six.

2

7.      Defendants admit Darren Wilson and Thomas Jackson acted as agents and employees of the City of Ferguson regarding August 9, 2014.  Defendants admit Darren Wilson and Thomas Jackson were agents and employees of the City of Ferguson acting within the course and scope of their employment and agency on August 9, 2014.  Defendants deny the remainder of the allegations contained in paragraph seven, as phrased.

8.      Defendants admit Defendant City of Ferguson maintains liability insurance, the extent of which the document speaks for itself.  Defendants deny the City of Ferguson has waived sovereign immunity for tort liability and denies the remainder of the allegations contained in paragraph eight of the Complaint.

### *JURISDICTION AND VENUE*

9.      Defendants state paragraph nine is a legal conclusion reserved for this Court's ruling. Defendants deny the alleged conduct, but generally admit jurisdiction at the time this Answer is filed is with this federal Court.

10.     Defendants deny the allegations contained in paragraph ten.

11.     Defendants admit at the time this Answer is filed, this Court has jurisdiction over the claims raised regarding 42 U.S.C. § 1983.   Defendant denies the remainder of the allegations contained in paragraph eleven.

12.     Defendants admit Plaintiff purports to seek redress for alleged wrongs.  Defendants deny the remainder of the allegations contained in paragraph twelve.

13.     Defendants deny the allegations contained in the first sentence of paragraph thirteen. Defendants admit in its March 4, 2015, report entitled "Investigation of the Ferguson Police Department (the "Report"), the United States Department of Justice stated, "This investigation has revealed a pattern or practice of unlawful conduct within the Ferguson

Police Department that violates the First, Fourth, and Fourteenth Amendments to the United States Constitution, and federal statutory law." Defendants deny the reliability and veracity of the Report and state that the Report does not constitute an admission or evidence of liability under any federal, state or local law, including but not limited to 42 U.S.C. §1983. Defendants deny the remainder of the allegations contained in paragraph thirteen.

14.     Defendants are without knowledge or information sufficient to form a belief as to the averments contained in the second and fourth sentences of paragraph fourteen. Defendants deny the allegations contained in the remainder of paragraph fourteen.

    A.     Defendants deny the allegations contained in subparagraph a) of paragraph fourteen.

    B.     Defendants deny the allegations contained in subparagraph b) of paragraph fourteen as phrased regarding the first sentence. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the second sentence of subparagraph b) of paragraph fourteen.

    C.     Defendants deny the allegations contained in subparagraph c) of sentence fourteen.

    D.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in subparagraph d) of paragraph fourteen, due to vagueness of time and location.

    E.     Defendants deny the allegations contained in subparagraph e) of sentence fourteen.

4

F.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in subparagraph d) of paragraph fourteen, due to vagueness of time and location.

G.    As of the date of filing this Answer, the City of Ferguson employs thirty-eight police officers (twenty-six white, ten black, and two other). Defendants deny the remainder of the allegations contained in subparagraph g) of sentence fourteen.

15.   Defendants admit the Report stated: "Ferguson's law enforcement practices are shaped by the City's focus on revenue rather than by public safety needs."  Defendants deny the remainder of the first sentence of paragraph fifteen, as phrased.  Defendants admit the remainder of paragraph fifteen are quotes from the Report, but deny the contents of the quotes and the remainder of paragraph fifteen and state that the Report does not constitute an admission or evidence of liability under any federal, state or local law, including but not limited to 42 U.S.C. §1983.

16.   Defendants admit the Report stated: "They create potentially devastating liability for the City for failing to put in place systems to ensure officers operate within the bounds of the law."  Defendants admit the Report stated: "As described below, other FPD practices further contribute to distrust, including FPD's failure to hold officers accountable for misconduct, failure to implement community policing principles, and the lack of diversity within FPD."  Defendants deny the content of these statements and the remainder of the first sentence of paragraph sixteen. Defendants admit the remainder of the quotes are stated in the Report, but deny the content of the same and deny the remainder of paragraph sixteen and state that the Report does not constitute an admission or evidence

5

of liability under any federal, state or local law, including but not limited to 42 U.S.C. §1983.

17.    Defendants state the Report stated: "In almost every case, supervisors appear to view force investigations as a ministerial task, merely summarizing the involved officers' version of events and sometimes relying on the officers' offense report alone." Defendants deny the content of the quote and deny the remainder of the allegations contained in paragraph seventeen and state that the Report does not constitute an admission or evidence of liability under any federal, state or local law, including but not limited to 42 U.S.C. §1983.

18.    Defendants admit Darren Wilson encountered Dorian Johnson and Michael O.D. Brown, both African-American males, as they walked down the middle of Canfield Drive in Ferguson, Missouri, on August 9, 2014.   Defendants deny the remainder of the allegations contained in paragraph eighteen.

19.    Defendants admit they purport to seek relief, but deny they are entitled to relief and deny paragraph nineteen.

### GENERAL FACTS AND ALLEGATIONS

20.    Defendants admit on August 9, 2014, at approximately 12:00 p.m., Plaintiff Dorian Johnson was walking in the center of Canfield Drive in Ferguson, Missouri, with Michael O.D. Brown.   Defendants deny the remainder of the allegations contained in the remainder of paragraph twenty.

21.    Defendants admit Darren Wilson was operating a marked police vehicle on Canfield Drive.   Defendants state that Darren Wilson stated, "Why don't you guys walk on the

{01951499.DOCX;1}

sidewalk," and, "Well, what's wrong with the sidewalk."  Defendants deny the remainder of the allegations contained in paragraph twenty-one.

22.    Defendants admit the allegations contained in paragraph twenty-two.

23.    Defendants deny the allegations contained in paragraph twenty-three.

24.    Defendants deny the allegations contained in paragraph twenty-four.

25.    Defendants admit Darren Wilson warned, "Step back or I'm going to shoot you." Defendants admit Darren Wilson discharged his firearm several times over the course of the encounter, including striking Michael O.D. Brown multiple times (including his arm). Defendants deny the remainder of the allegations contained in paragraph twenty-five.

26.    Defendants admit Dorian Johnson ran away.  Defendants admit Michael O.D. Brown initially began to run away.  Defendants deny the remainder of the allegations contained in paragraph twenty-six.

27.    Defendants state that Darren Wilson gave Michael O.D. Brown commands to "get on the ground" and stop.  Defendants admit Darren Wilson did not command Dorian Johnson to stop or freeze.  Defendants state that Darren Wilson did not command Michael O.D. Brown to "freeze."  Defendants deny the remainder of the allegations contained in paragraph twenty-seven.

28.    Defendants admit Darren Wilson discharged his firearm at Michael O.D. Brown, striking him multiple times.  Defendants deny the remainder of the allegations contained in paragraph twenty-eight.

29.    Defendants deny the allegations contained in paragraph twenty-nine.

30.    Defendants deny the allegations contained in paragraph thirty.

{01951499.DOCX;1}

***FIRST CAUSE OF ACTION: CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. § 1983***

31.    Defendants restate and incorporate by reference, as though fully set forth here, each and every response set forth in the above paragraphs.

32.    Defendants admit Plaintiff purports to raise a cause of action under 42 U.S.C. § 1983, but deny the veracity of the claim and deny the remainder of the allegations contained in paragraph thirty-two.

33.    Paragraph thirty-three is a conclusion of law lacking specificity as to the rights possessed. *See White v. Pauly*, 137 S.Ct. 548, 552 (U.S. 2017).  Defendants further state that, as phrased, paragraph thirty-three is a misstatement of the Fourth and Fourteenth Amendment and therefore denies the same.

34.    Defendants deny the allegations contained in paragraph thirty-four.

35.    Defendants deny the allegations contained in paragraph thirty-five.

36.    Defendants deny that Dorian Johnson was detained and deny all remaining allegations contained in paragraph thirty-six.

37.    Defendants deny the allegations contained in paragraph thirty-seven.

38.    Defendants deny the allegations contained in paragraph thirty-eight.

39.    Defendants deny the allegations contained in paragraph thirty-nine.

40.    Defendants admit Defendants Wilson and Jackson were acting under the color of law at all relevant times.  Defendants are without knowledge or information sufficient to form a belief regarding the truth of the averments regarding the "statutes, customs, policies, ordinances, and usages of the City of Ferguson" for vagueness.

41.    Defendants deny the allegations contained in paragraph forty-one.

42.    Defendants deny the allegations contained in paragraph forty-two.

43.     Defendants deny the allegations contained in paragraph forty-three.

44.     Defendants deny the allegations contained in paragraph forty-four.

45.     Defendants deny the allegations contained in paragraph forty-five.

46.     Defendants deny the allegations contained in paragraph forty-six.

47.     Defendants deny the allegations contained in paragraph forty-seven, including each and every subpart.

48.     Defendants deny the allegations contained in paragraph forty-eight.

49.     Defendants deny the allegations contained in paragraph forty-nine.

50.     Defendants deny the allegations contained in paragraph fifty.

51.     Defendants deny the allegations contained in paragraph fifty-one.

52.     Defendants deny the allegations contained in paragraph fifty-two.

53.     Defendants deny the allegations contained in paragraph fifty-three, and request that this Court dismiss this Count for failure to state a claim, for costs, and for such other relief this Court deems just and proper.

### *SECOND CAUSE OF ACTION: ASSAULT*

54.     Defendants restate and incorporate by reference, as though fully set forth here, each and every response set forth in the above paragraphs.

55.     Defendants deny the allegations contained in paragraph fifty-five.

56.     Defendants deny the allegations contained in paragraph fifty-six.

57.     Defendants deny the allegations contained in paragraph fifty-seven.

58.     Defendants deny the allegations contained in paragraph fifty-eight.

59.     Defendants deny the allegations contained in paragraph fifty-nine.

60.     Defendants deny the allegations contained in paragraph sixty.

61.     Defendants deny the allegations contained in paragraph sixty-one.

62.     Defendants deny the allegations contained in paragraph sixty-two.

63.     Defendants deny the allegations contained in paragraph sixty-three.

64.     Defendants deny the allegations contained in paragraph sixty-four.

65.     Defendants deny the allegations contained in paragraph sixty-five.

66.     Defendants deny the allegations contained in paragraph sixty-six.

67.     Defendants deny the allegations contained in paragraph sixty-seven. , and request that this Court dismiss this Count for failure to state a claim, for costs, and for such other relief this Court deems just and proper.

### THIRD CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.     Defendants restate and incorporate by reference, as though fully set forth here, each and every response set forth in the above paragraphs.

69.     Defendants deny the allegations contained in paragraph sixty-nine.

70.     Defendants deny the allegations contained in paragraph seventy.

71.     Defendants deny the allegations contained in paragraph seventy-one.

72.     Defendants deny the allegations contained in paragraph seventy-two.

73.     Defendants deny the allegations contained in paragraph seventy-three.

74.     Defendants deny the allegations contained in paragraph seventy-four.

75.     Defendants deny the allegations contained in paragraph seventy-five.

76.     Defendants deny the allegations contained in paragraph seventy-six.

77.     Defendants deny the allegations contained in paragraph seventy-seven.

78.     Defendants deny the allegations contained in paragraph seventy-eight.

79.     Defendants deny the allegations contained in paragraph seventy-nine.

80.     Defendants deny the allegations contained in paragraph eighty, and request that this Court dismiss this Count for failure to state a claim, for costs, and for such other relief this Court deems just and proper.

### FOURTH ALTERNATIVE CAUSE OF ACTION: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS[1]

81.     Defendants restate and incorporate by reference, as though fully set forth here, each and every response set forth in the above paragraphs.

82.     Defendants deny the allegations contained in paragraph eighty-two.

83.     Defendants deny the allegations contained in paragraph eighty-three.

84.     Defendants deny the allegations contained in paragraph eighty-four.

85.     Defendants deny the allegations contained in paragraph eighty-five.

86.     Defendants deny the allegations contained in paragraph eighty-six.

87.     Defendants deny the allegations contained in paragraph eighty-seven.

88.     Defendants deny the allegations contained in paragraph eighty-eight.

89.     Defendants deny the allegations contained in paragraph eighty-nine.

90.     Defendants deny the allegations contained in paragraph ninety.

91.     Defendants deny the allegations contained in paragraph ninety-one.

92.     Defendants deny the allegations contained in paragraph ninety-two.

93.     Defendants deny the allegations contained in paragraph ninety-three.

94.     Defendants deny the allegations contained in paragraph ninety-four, and request that this Court dismiss this Count for failure to state a claim, for costs, and for such other relief this Court deems just and proper.

---

[1] This has been dismissed by this Court's Order (Doc. No. 26) on March 15, 2016.

{01951499.DOCX;1}

### *PRAYER FOR RELIEF*

Defendants deny Plaintiff is entitled to any relief, as requested in subparts one through eight of the Prayer for Relief.

### *AFFIRMATIVE DEFENSES*

A.  Plaintiff's Complaint fails to state a cause of action or a claim upon which relief can be granted against these Defendants and/or Defendants are entitled to judgment on the grounds of, without limitation:

I)  Count I fails to state a claim as Plaintiff has not alleged a sufficient show of force or any actual submission to authority.  Therefore, there can be no unlawful detention and no excessive force, and Defendant Darren Wilson and Thomas Jackson are entitled to qualified immunity as the alleged conduct was neither a constitutional violation nor was it clearly established law the same constituted a detention on August 9, 2014.  Further, Defendant Darren Wilson is entitled to qualified immunity regarding any claim against him for failure to intervene as there was no constitutional violation, nor was there a clearly established law on August 9, 2014, that one should intervene against one's own actions.  For the same reasons, Defendant Thomas Jackson is, for the same reason and because there is no underlying violation, entitled to qualified immunity.

II)  Count II fails to state a claim against Defendant Wilson (individual capacity) for failure to state a claim upon which relief may be granted, as Plaintiff has failed to state each and every element against Defendant Wilson.  Further, Missouri has not recognized the doctrine of transferred intent regarding civil assault.  Count II fails to state a claim against Thomas Jackson (individual capacity) for failure to allege

each and every element against him.  Both Defendants Jackson and Wilson (individual capacity) are entitled to official immunity regarding the alleged conduct regarding assault, as the actions were discretionary and performed without malice.  Defendant City of Ferguson, as well as Darren Wilson and Thomas Jackson in their official capacities (to the extent Plaintiff continues to assert such claims following this Court's March 15, 2015, Order), are entitled judgment due to lack of any underlying tort and because due to sovereign immunity as Plaintiff has failed to establish any exception exists.

III)     Count III fails to state a claim as Plaintiff has failed to sufficiently allege any of the elements against Defendants Wilson or Jackson (individual capacity). Further, Missouri has not recognized the doctrine of transferred intent regarding intentional infliction of emotional distress.  Both Defendants Jackson and Wilson (individual capacity) are entitled to official immunity regarding the alleged conduct, as the actions were discretionary and performed without malice. Defendant City of Ferguson, as well as Darren Wilson and Thomas Jackson in their official capacities, are entitled judgment due to lack of any underlying tort and because due to sovereign immunity as Plaintiff has failed to establish any exception exists.  Finally, Count III should be dismissed as such a claim is subsumed in to a claim of assault.  *White v. Jackson*, No. 4:14CV1490 HEA, 2015 U.S. Dist. LEXIS 31731, at *24 (E.D. Mo. Mar. 16, 2015) (*citing Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 322 (Mo.App. E.D. 2010) (*citing K.G. v. R.T.R.*, 918 S.W.2d 795, 799 (Mo. banc 1996))).

13

IV)    Count IV fails to state a claim upon which relief can be granted based on the law of the case (see Doc. No. 26), including without limitation Plaintiff has not alleged he sought or received any medical treatment for any emotional distress, nor did he specify what medically diagnosable condition he suffered as a result of the alleged actions.  Further, both Defendants Jackson and Wilson (individual capacity) are entitled to official immunity regarding the alleged conduct, as the actions were discretionary and performed without malice.  Defendant City of Ferguson, as well as Darren Wilson and Thomas Jackson in their official capacities (to the extent Plaintiff continues to assert such claims following this Court's March 15, 2015, Order), are entitled judgment due to lack of any underlying tort and because due to sovereign immunity as Plaintiff has failed to establish any exception exists.

V)    Based on the law of the case (*see* Doc. No. 26), Plaintiff's claims against Defendants Jackson and Wilson in their official capacities regarding Count I are redundant and should be dismissed.  Defendants are entitled to judgment regarding Plaintiff's claim for injunctive relief for lack of Article III standing, lack of prudential standing, mootness, principles of federalism, and failure to establish each and every requirement for injunctive relief.  Plaintiff's request for attorneys' fees should be stricken from Count II for failing to establish any exception to the American Rule.  Plaintiff's request for punitive damages against the City of Ferguson should be dismissed due to immunity with respect to Count I (*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1982)), due to

14

sovereign immunity regarding Counts II, III, and IV (R.S.Mo. § 537.610.3), and due to the law of the case.

B.    Defendants have official immunity from liability to plaintiff under the state law claims contained in Plaintiff's Amended Complaint, in that Defendants Wilson and Jackson exercised their discretion while performing their official duties as police officers.

C.    Any injury or damage sustained by Plaintiff was sustained as the direct and proximate result of Plaintiff's own criminal conduct, negligence, carelessness and comparative fault and thus and thereby, Plaintiff is not entitled to recover from Defendants, or any recovery of Plaintiff should be reduced by the percentage of Plaintiff's own negligence, carelessness and comparative fault contributing thereto pursuant to federal law and R.S.Mo. § 537.060.

D.    Plaintiff's state law claims against Defendants are barred by the public duty doctrine, in that Plaintiffs' allegations pertain to duties owed by Defendants Wilson and Jackson to the general public, thereby negating the element of a duty.

E.    Defendants Jackson and Wilson are entitled to qualified immunity regarding the claims made against them, including without limitation, because there was no constitutional violation and there was no fundamental right regarding the Fourth or Fourteenth Amendment as there was no show of authority which resulted in the actual submission (because Plaintiff ran away).

F.    Defendant Darren Wilson acted in self-defense regarding the behavior of Michael O.D. Brown on August 9, 2014, thereby justifying his conduct.

G.    The City of Ferguson is entitled to dismissal as the law was not clearly established at the time of the subject incident that the actions made by Defendants Jackson and Wilson

{01951499.DOCX;1}

were in violation of Plaintiff's constitutional rights. *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 394 (8th Cir. 2007).

H.      Any force used and any act of any Defendant was undertaken pursuant to law and in the course of the Defendants' official sworn duties a law enforcement officers, was reasonable in nature and was based upon both probable cause and reasonable suspicion the Plaintiff and/or Michael O.D. Brown had violated the laws and ordinances of the State of Missouri and the City of Ferguson (including, but not limited to, City of Ferguson Municipal Ordinance Section 44-344, Manner of walking along roadway, attached hereto as Exhibit A), that the actions taken regarding Plaintiff took place pursuant to law and were reasonable.

I.      Any liability which may be found on the part of the City of Ferguson regarding state claims is to be capped at the measure determined by R.S.Mo. § 537.610 and in accordance with the Implicit Price Deflator for Personal Consumption Expenditures as published by the Bureau of Economic Analysis of the United States Department of Commerce and annually published by the Missouri Register

J.      Plaintiff has a duty to mitigate his damages, and has failed to do so.

K.      Defendants are entitled to a reduction of any award by the amount of settlement pursuant to federal law and R.S.Mo. § 537.060.

L.      Defendants deny each and every other allegation in Plaintiffs' Amended Complaint not specifically admitted to herein;

M.      Defendants reserve the right to make additional affirmative defenses in the course of discovery.

{01951499.DOCX;1}

N.     Plaintiff's Petition fails to state a claim for relief for punitive damages and in addition, to the extent that Plaintiff seeks to recover punitive damages herein, Plaintiff has not and cannot state a claim for relief for punitive damages because the procedures for assessing punitive damages, both facially and as applied to this case, violate the due process provisions of the Fourteenth Amendment of the United States Constitution and Article 1, Section 10 of the Constitution of Missouri in that:

i.     Missouri's procedural and substantive law of punitive damages conflicts with the procedural and substantive standards set forth in the United States Supreme Court decisions in *Pacific Life Insurance Co. v. Haslip*, 499 U.S. 1, 23–24 (1991); *State Farm v. Campbell*, 538 U.S. 408, 418 (2003); and *White v. Ford Motor*, 312 F.3d 998, 1020 (9th Cir. 2002).

ii.     Missouri's guidelines, standards, procedures, and instructions for the imposition of punitive damages are ambiguous, indefinite, unreasonable, vague, uncertain, conflicting, purely subjective, and fundamentally unfair.

iii.     Missouri has no objective limitations or standards that have been established concerning the amount or severity of a punitive damages award.

iv.     Missouri has vague and inconsistent legal standards for the imposition of punitive damages, which deprive Defendants of sufficient notice of the type of conduct and mental state upon which punitive damages could be awarded as a result of Defendants' alleged misconduct.

v.     Missouri permits the jury to award punitive damages that are disproportionate and have no reasonable relationship to the actual damages, Plaintiffs' injury, Plaintiffs' expenses, Defendants' conduct, and Defendants' mental state.

vi.     Missouri courts review punitive awards on the theory that the magnitude of such awards is wholly and peculiarly within the discretion of the jury; this standard provides no meaningful standard basis for review of punitive awards by either the trial or appellate courts.

vii.     Missouri's trial court and appellate courts are bound to apply vague and inconsistent standards by which to evaluate the jury's punitive damages award. Specifically, these inadequate standards include: (i) a nebulous and undefined "abuse of discretion" standard of review; (ii) a nebulous and undefined standard under which a punitive damages award may be disturbed if it is the product of

"bias and prejudice;" (iii) a standard that allocates undefined, inordinate, and improper discretion to the jury without providing the jury with adequate standards to guide their discretion; (iv) a standard that is based upon an evaluation of the "proper relationship" between the degree of malice allegedly proven and the amount of the punitive damages award; however, no legal guidelines have been established that define the manner in  which a court should evaluate either the degree or nature of the alleged "malice" or the "proper relationship" between such malice and the punitive damages award.  Further, no legal standards have been established which reconcile and apply the different standards, set forth above, by which the trial and appellate courts review punitive damages awards.

viii.    Missouri improperly permits plaintiffs to submit punitive damages to the jury based upon a defendants' conduct which, as a matter of law, was not willful or reckless.  Punitive damages are not constitutionally permissible for mere negligent conduct, assuming defendant's conduct even meets this standard.

ix.    Missouri's approved jury instructions for punitive damages do not provide the jury with sufficiently specific and objective standards to guide its discretion in awarding punitive damages. These instructions fail to inform the jury of its duty to consider the character and degree of the wrong as shown by the evidence.  The instructions also fail to inform the jury that the defendant's net worth may not be considered in deciding whether to award punitive damages.

x.    Missouri law does not contain adequate and objective procedures and standards or instructions that guide the jury, trial, and appellate courts concerning the purposes of punitive damages and the reasons for awarding such damages.

xi.    Missouri law does not have adequate standards and procedures to guide the trial and appellate courts in reviewing an excessive award of punitive damages.

xii.    Missouri courts are not required to explain the basis for their decisions concerning punitive damages awards.  Missouri, therefore, affords no procedure for meaningful review of punitive damages by either the trial or the appellate courts.

xiii.    Missouri does not provide adequate and objective standards and procedures to instruct the jury to ensure in the post-trial review by the trial and appellate courts that any punitive damages award has an understandable relationship to the actual or compensatory damages award.

xiv.    Missouri does not require the standard of proof for the imposition of punitive damages to be "beyond a reasonable doubt."

xv.     Missouri does not provide objective standards and procedures to prevent the plaintiff from receiving an unfair windfall of money as a result of a punitive damages award.

xvi.    Missouri does not have legal standards which would unconditionally prohibit in all cases an award of multiple punitive damages awards and punishments against a defendant who has already been subjected to punitive damages in a prior case based upon the identical or similar conduct.  These multiple awards amount to civil and criminal fines and punishments and are prohibited under Article I, Section 21 of the Missouri Constitution and are also prohibited under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Missouri Constitution.

xvii.   Based on the Due Process Clause contained in Article I, Section 10 of the Missouri Constitution, a corporate defendant should not be held to be vicariously liable for acts or omissions of its agent without a showing of complicity.

xviii.  An award of punitive damages under Missouri law violates the Eighth Amendment to the United States Constitution and Article I, Section 21 of the Constitution of Missouri, which prohibit excessive fines because fifty percent of any final judgment awarding punitive damages is payable to the State of Missouri under Mo. Rev. Stat. Ann. § 537.675.  That portion of the punitive award therefore constitutes a fine payable to the State, but the State of Missouri has established no standards or limits upon the amount of punitive damages which may be awarded in a particular case, and has not provided procedural safeguards, including a requirement of proof beyond a reasonable doubt, necessary for imposition of fines.

WHEREFORE, for the foregoing reasons, Defendants City of Ferguson, Missouri; (former) Ferguson Police Chief Thomas Jackson; and (former) Ferguson Police Officer Darren Wilson respectfully request that judgment be entered in favor of Defendants, that Plaintiff's claims be dismissed in their entirety with prejudice, that Defendants be awarded their costs and expenses, including attorneys' fees, in defending against this action, and for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

COME NOW, Defendants City of Ferguson, Missouri; (former) Ferguson Police Chief

Thomas Jackson; and (former) Ferguson Police Officer Darren Wilson and hereby demand a trial

by jury in this cause.

/s/ Peter J. Dunne
Peter J. Dunne  #31482
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorneys for Defendants
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
Email: dunne@pspclaw.com
Email: plunkert@pspclaw.com

20

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 21st day of August 2017, to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF:

Mr. Daniel R. Brown
9100 Overland Plaza
Overland, Missouri 63114
dbrown@smithbrownllc.com
*Attorney for Plaintiff*

Mr. James M. Williams (pro hac vice)
Ms. Inemesit U. O'Boyle (pro hac vice)
One Galleria Blvd., Suite 1100
Metairie, Louisiana 70001
jmw@chehardy.com
iuo@chehardy.com
*Attorneys for Plaintiff*

Mr. Ronald A. Norwood
Mr. Apollo D. Carey
Lewis Rice LLC
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
rnorwood@lewisrice.com
acarey@lewisrice.com
*Attorney for Defendant City of Ferguson*

/s/ Peter J. Dunne

21